✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
__DAWN RAE TEESATESKIE__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case    2:08 mj 08

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
  - for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.

X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence ___ a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____
*Date*

_____
*Signature of Judge*
Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:08 mj 08**

**UNITED STATES OF AMERICA,**

Vs.                                                                         **ADDENDUM TO
DETENTION ORDER**

**DAWN RAE TEESATESKIE.**

---

**I. FACTORS CONSIDERED**

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

    **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a crime of violence.

**(g)(2):** The weight of the evidence against the person appears to strong and significant. The defendant, along with four other persons, brutally beat, kicked and stabbed a victim resulting in over 18 separate stab wounds to the victim.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties but has not had employment since 2007. The defendant has a long length of residence in the Cherokee community. In regard to the defendant's history relating to drug or alcohol abuse, the defendant has used marijuana. In regard to the defendant's criminal record regarding drug or alcohol abuse, the defendant has the following convictions:

| Offense | Conviction Date |
|---|---|
| Possession of marijuana up to ½ oz | 10/27/05 |
| Consuming alcohol under age 21 | 05/11/05 |
| Driving after consuming under age 21 | 01/23/06 |
| Possession of a schedule IV controlled substance | 05/23/07 |

In addition to the above referenced offenses, the defendant has the following additional criminal convictions:

| Offense | Conviction Date |
|---|---|
| Weapons offense - Cherokee Tribal Court | 07/19/05 |
| Simple assault | 07/19/05 |
| Disorderly conduct | 10/11/06 |
| Simple assault | 05/23/07 |
| Worthless check | 01/04/08 |

The defendant's record concerning appearance at court appearances shows that the defendant has appeared as she has been required to do.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was placed on 12 months probation on May 23, 2007 for the crime of simple assault. The defendant was serving this period of probation when the acts described in the criminal complaint allegedly occurred. In addition, the defendant

had been arrested on October 24, 2007 for driving while license revoked. She was released. The defendant was arrested again on December 31, 2007 and charged with driving while license revoked and was again released.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that based upon clear and convincing evidence, the release of the defendant would create a risk of harm or danger to any other person or the community. This defendant has four criminal convictions for crimes involving either violence or weapons. At the time the events as allegedly occurred and as described in the criminal complaint the defendant was on probation for the crime of assault. The acts described in the affidavit attached to the criminal complaint show acts of extreme and brutal violence. In the defendant's statement she admitted that she had kicked the victim in the face while other co-defendants were assaulting the victim either with their fist, feet or with knives. These acts show that the release of the defendant would create a risk of harm or damage to any other person or the community. As a result, the undersigned has determined to enter an order detaining the defendant.

The undersigned does not find by a preponderance of the evidence that the release of the defendant would create a risk of flight on her part.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: March 12, 2008

Dennis L. Howell
United States Magistrate Judge